## JURISDICTION OF JUSTICES OF PEACE IN CRIMINAL CASES.

Common Pleas Court of Franklin County.

J. L. ROCKWELL, ET AL., *v.* THE STATE OF OHIO.

Decided, July 16, 1924.

*Justice of the Peace—Except in Violation of Liquor Law Cases—Is Without Jurisdiction in Criminal Cases outside of his own Township.*

1. A justice of the peace is without jurisdiction to finally hear and sentence one brought before him on an affidavit and warrant charging gambling, unless a plea of guilty has been entered or the accused in writing submit to be tried by the magistrate.

2. Moreover, except in liquor cases, the jurisdiction of a justice of the peace in Franklin County is limited to his own township, and where the affidavit alleges only that the offense was committed within the county no jurisdiction whatever is conferred.

*C. D. Saviers*, for plaintiffs in error.

*John R. King*, prosecuting attorney, and *Ray E. Hughes*, assistant prosecuting attorney, for defendant in error.

ROGERS, J.

J. L. Rockwell and thirteen others named in the proceedings were tried, convicted and sentenced by and before A. C. Kuhn, a justice of the peace of Marion township, for violation of the gambling statutes of this state. The cases were all tried together, although separate affidavits were filed as against each defendant, and by consent one bill of exceptions was prepared covering them all. The case comes into this court on error from the judgment of the magistrate.

Two main questions are raised; first, whether the magistrate in this sort of cases had final jurisdiction to try and sentence the defendants below, except on a plea of guilty, or by consent in writing to a trial and final judgment. The record, however, does not show that any of the defendants either by pleading guilty or consenting in writing to a trial came within either of the exceptions. The second question is, whether in the cases before him the magistrate had any jurisdiction to conduct even a preliminary hearing. Although the warrants were sworn out before Kuhn as justice of the

peace of Marion township, they do not allege that the offenses were committed in either Marion or Hamilton township, but charge that they were committed in Franklin county, Ohio. Nor is it shown where the defendants or any of them resided, nor their citizenship.

I shall spend no time on the proposition that the magistrate had no final jurisdiction in these cases. Whether he had jurisdiction running to the bounds of the county or not, the statute confers no final jurisdiction upon him in this kind of cases, unless upon consent of the prisoner in writing or upon a plea of guilty, to finally hear and sentence persons brought before him on affidavit and warrant. Section 13423, G. C., prescribes the only cases for law violations in which magistrates have jurisdiction, outside of liquor violations; and the instant cases do not fall within that statute. If the magistrate has any jurisdiction at all it is to conduct a preliminary examination only, in order to inquire into the alleged offenses, and, if there is probable cause, to bind the prisoners over to the trial court for final trial. Hence, as a final trial court the magistrate exceeded his jurisdiction and for that reason the cases should be reversed.

However, the question as to whether the magistrate had any jurisdiction at all is more serious. The act creating the Municipal Court of the city of Columbus provides in Section 1558-55a as follows:

"No justice of the peace in any township in Franklin county, other than Montgomery township, or mayor of any village, in any proceeding, whether civil or criminal, in which any warrant, order of arrest, summons, order of attachment or garnishment or other process except subpoena for witnesses, shall have been served upon a citizen or resident of Columbus or a corporation having its principal office in Columbus, shall have jurisdiction, unless such service be actually made by personal service within the township or village in which said proceedings may have been instituted, or in a criminal matter, unless the offense charged in any warrant or order of arrest shall be alleged to have been committed within said township or village."

In the affidavits for the warrants against the respective persons accused, the offense charged was not alleged to have been

committed within the township of Marion, where the justice
before whom the affidavits were made and warrants issued,
was magistrate, but merely that the alleged crimes were com-
mitted in Franklin county, Ohio. On the trial the defend-
ants each objected to the court's jurisdiction over them and
the subject matter because of the fact that it did not appear
from the affidavits that the magistrate had such jurisdiction;
but he proceeded nevertheless over their objections to try
and pass sentence upon them to which they each excepted.

I am of opinion that by force of the above provisions of
the statute the jurisdiction of the magistrate over criminal
matters of which he has any jurisdiction at all is limited to
offenses committed within his township, and that in proceed-
ing to the trial of defendants below, against their objection,
he was without jurisdiction to do so, even to the extent of
holding a preliminary trial. There is no constitutional ob-
jection to the limitation provided in the above statute, for the
office of justice of the peace is no longer a constitutional office;
and Section 1 of Article IV of our constitution, establishing
inferior courts, authorizes the General Assembly to deter-
mine what other courts it will establish, local if deemed
proper, either for separate counties or districts, and to de-
fine their jurisdiction. On this general subject see *In re
Hesse*, 93 O. S., 230, and especially the able opinion of New-
man, J., who thoroughly covered the subject in construing
Section 1555-41 of the act creating a Municipal Court for
Cincinnati. This section is, in substance, the same as the
above quoted section. While that case involved a citizen of
Cincinnati the principle of law decided relative to Secs.
1558-41-43 was that:

"By force of these provisions the jurisdiction of justices
of the peace outside of Cincinnati township, over criminal
matters is limited to offenses committed within their respec-
tive townships, while a justice of the peace in Cincinnati
township has no jurisdiction whatsoever over criminal mat-
ters."

Such is the effect of the provisions of the act creating a
Municipal Court for Columbus. It abolished any further
magistrates courts in the city, and limited the jurisdiction

174 FRANKLIN COUNTY COMMON PLEAS.

Rockwell v. State of Ohio. (Vol. 25 (N.S.)

of Municipal Courts to criminal cases in the city as well as the jurisdiction of justices of the peace outside of the city to their respective townships.

It cannot be said that the provisions limiting to the township the jurisdiction of justices of the peace in this county outside of Montgomery township only applies to citizens or residents of Columbus. A careful reading will disclose that that portion of the section governs magistrates' jurisdiction with regard to process as against residents or citizens of Columbus. Whereas, when the section speaks more particularly of criminal matters and the jurisdiction of justices of the peace with regard thereto outside of Montgomery township, it declares, in substance, that such justice shall not have jurisdiction "unless the offense charged in any warrant or order of arrest *shall be alleged* to have been committed within said township or village." There is no such allegation in the affidavits in the instant cases, and this is a jurisdictional fact expressly declared by the statute as a prerequisite to any power to be exercised by a justice of the peace outside of Montgomery township, and the court here might repeat substantially what Newman, J., has declared *In Re Hesse, supra,* that the jurisdiction of justice of the peace is thus limited to offenses within their respective townships. The above provisions limiting the jurisdiction of magistrates in Franklin county, of course, do not apply to cases involving intoxicating liquors, because as to them the Section 1558-55a is repealed. See 109 O. L., 144.

Having reached the conclusion that magistrates in the respective townships of Franklin county, outside of Montgomery township, have no jurisdiction in criminal matters not alleged to have been committed in their respective townships, the judgment and sentence heretofore rendered against each of the plaintiffs in error is hereby reversed and the plaintiffs in error are each ordered discharged from custody. Exceptions.

I am informed that Warner, J., of our Common Pleas Court recently had a similar case on a writ of habeas corpus and reached the same conclusion which has been arrived at in the instant case.